COURT OF APPEALS
DECISION
DATED AND FILED

May 3, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1826**

Cir. Ct. No. **2020CV414**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

ESTATE OF ROBERTO PLACIDO SANDOVAL, BY SPECIAL ADMINISTRATOR MARGARITA SEPULVEDA AVALOS,

PLAINTIFF-APPELLANT,

V.

BRIGHT DENTAL, MOHAMMED ALSAMARRAIE, DMD AND THE MEDICAL PROTECTIVE COMPANY, A/K/A ABC INSURANCE,

DEFENDANTS-RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Reversed and cause remanded for further proceedings*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM. The Estate of Roberto Placido Sandoval appeals from a judgment of the circuit court dismissing his complaint alleging negligence, lack of informed consent, and breach of contract based on a dental procedure in which Sandoval had thirteen of his teeth removed.[1] We conclude that the circuit court improperly granted summary judgment based on the reason that Sandoval needed an expert witness to support his claims, but he did not have one. We further conclude that the circuit court did not reasonably exercise its discretion when it considered Sandoval's motion to amend the scheduling order. Thus, for the reasons set forth below, we reverse the circuit court's grant of summary judgment, and we remand this matter for further proceedings consistent with this opinion.

## BACKGROUND

¶2　The following facts are undisputed. Sandoval underwent a dental procedure on February 19, 2019, during which he had thirteen teeth extracted. As a result of underlying medical conditions and his prescription for blood thinners, Sandoval suffered from severe bleeding following the procedure and sought treatment at a hospital when the bleeding would not subside.[2]

¶3　Sandoval filed a complaint against Bright Dental, Dr. Mohammed Alsamarraie, and The Medical Protective Company in which he alleged a failure to exercise reasonable care, a failure to provide informed consent, breach of

---

[1] Sandoval died during the pendency of these proceedings and has been replaced by his Estate as the named party. For our purposes, however, we continue to use Sandoval.

[2] Sandoval spoke Spanish, and as a result of his lack of fluency in the English language, Sandoval required the assistance of his wife and daughter in conducting his affairs.

contract, and falsification of the implied consent form.[3]  In his complaint, Sandoval alleged that he consented to a dental procedure to remove three of his teeth, yet on the day of the procedure, he "went in for the extraction of three teeth and ended up having thirteen teeth removed while under anesthesia."  Thus, he claimed that he was entitled to damages as a result of the removal of his teeth without his consent.

¶4    The circuit court subsequently entered a scheduling order and set a deadline of April 30, 2020, to amend the pleadings and a deadline of June 30, 2020, to name witnesses.

¶5    On July 16, 2020, Bright Dental moved for summary judgment, arguing that Sandoval failed to comply with the scheduling order and name an expert witness to support his negligence claim for dental malpractice.  More specifically, Bright Dental argued that Sandoval had not named any expert witnesses, that he could not show good cause or excusable neglect to enlarge the time to name expert witnesses, and that Sandoval's claims failed without an expert witness.[4]

¶6    Sandoval filed a second amended complaint on July 31, 2020, and named several additional defendants, including Dr. Sham Chandok and Dr. Pratik Patel, and changing the name of Bright Dental to Bright Dental 1, LLC.  Attached to the second amended complaint, Sandoval included an affidavit providing

---

[3] For ease of reference, we refer to the defendants in this matter collectively as Bright Dental.

[4] Bright Dental also argued in its motion that Bright Dental is a fictitious entity and maintained that Sandoval's dentist is an independent contractor.  These arguments have not been pursued on appeal.

discovery materials from Bright Dental and explaining that Dr. Patel developed Sandoval's treatment plan for his decaying teeth, but Dr. Alsamarraie was involved with the dental procedure during which his teeth were extracted. The affidavit further averred:

> After several unsuccessful attempts to obtain a consulting dentist who would agree to review the Bright Dental records and provide an opinion as to the treatment provided to the plaintiff by Bright Dental, we have consulted with a dentist who has agreed to review the file, write a report and may testify if necessary. He has requested that his name not be disclosed until he agrees to write the report with his opinion.

¶7      Three days later, on August 3, 2020, Sandoval filed a motion to amend the scheduling order to allow him to add additional defendants, correct the name of Bright Dental, and extend the time to respond to Bright Dental's motion for summary judgment, conduct discovery, and name expert witnesses.

¶8      The circuit court held a hearing on Sandoval's motion on August 11, 2020. At the hearing, counsel began by stating that he has been working on this case, had contacted a few dentists, and believed he found one to serve as an expert. The circuit court immediately found that Sandoval had no expert because the expert was not formally hired and the deadline to name expert witnesses had passed. The following exchange took place shortly thereafter:

> THE COURT: That's all wonderful, but unless we're just sitting here having this discussion amongst ourselves, no one's going to hear that.
>
> [COUNSEL]: That's correct, Judge. And also a lot of dentists['] clinics were closed during this period and we—it was also causing some delays. We contacted a few places—
>
> THE COURT: You're already 45 days past the deadline. If that was a big problem, you would have brought that motion to enlarge time prior to the deadline. The deadline

was June 30th. The motion was filed on August 3rd, so that's 31—34 days after the expiration of the date. And you should know that dental malpractice requires expert opinion.

[COUNSEL]: Yes. But also—

THE COURT: Without an expert your case goes away.

¶9 Counsel then attempted to explain that there was also an informed consent issue. The circuit court examined the consent form attached to Bright Dental's motion for summary judgment and told counsel, "All I know is that you haven't followed any procedures that you need to follow and you have no idea what's going on here." After counsel attempted to further explain, the circuit court interrupted saying:

> You didn't bring the motion prior to the expiration of the time. If you would have brought the motion and had some explanation, I might have considered giving you additional time, but you haven't even done that. You don't even have an expert now. The only reason why you're amending the complaint is because the defendants filed a motion for summary judgment, otherwise, you wouldn't have filed it.

Counsel again attempted to explain, and the circuit court again interrupted saying, "Not my problem. … [I]t's not my problem."

¶10 The circuit court ultimately said the motion was denied and set a deadline for Sandoval to respond to Bright Dental's motion for summary judgment. A corresponding order was entered in which the circuit court denied Sandoval's motion to amend the scheduling order for a failure to demonstrate good cause or excusable neglect, and set an additional briefing schedule for Bright Dental's motion for summary judgment.

¶11 Sandoval filed a response to Bright Dental's motion for summary judgment on August 17, 2020, and argued that Sandoval never consented to have

thirteen teeth removed. Rather, Sandoval argued that Bright Dental failed to seek medical clearance from his doctor because of the blood thinners that Sandoval took, and that Bright Dental forged the consent form by adding additional teeth to the extraction list after the fact to match the procedure that was performed. In addition to responding to Bright Dental's motion, Sandoval also included another request to amend the scheduling order and explained that the attorney originally assigned to Sandoval's case had left the firm, and certain documents were not filed in a timely manner as a result of clerical error.

¶12 Sandoval supported his response with affidavits from himself, his wife, and his daughter explaining the procedure they consented to have performed on February 19, 2020, was the extraction of only three teeth.[5] Sandoval further averred, "At the time I signed the consent form, it was blank and the information on the number of teeth to be extracted was not written on the form until after the procedure was performed." He further provided a letter from his medical doctor stating that Sandoval's teeth were healthy and not decaying.

¶13 In addition to his response to Bright Dental's motion for summary judgment, Sandoval also filed a pretrial report on August 17, 2020, in which Sandoval named Dr. John Wall and Dr. Pratik as expert witnesses. Dr. Wall was described as Sandoval's medical doctor who was familiar with Sandoval's overall health, and Dr. Pratik was described as a dentist familiar with Sandoval's case.

---

[5] Sandoval inconsistently describes the procedure to which he consented. At times, he describes that he consented to have three teeth "filled," and at others, he describes that he consented to have only three teeth extracted. Whether he consented to have his teeth filled or have only three teeth extracted is immaterial to our decision today because under no circumstances does Sandoval indicate that he consented to have thirteen teeth removed.

¶14     On September 8, 2020, Sandoval filed a motion for reconsideration and again requested that the circuit court modify the scheduling order. In the attached affidavit, Sandoval's counsel described alleged discovery disputes with Bright Dental, particularly in regards to the receipt of notarized responses and the receipt of Sandoval's complete records. Sandoval's counsel further described the attempts made to secure an expert and the difficulties encountered in doing so.

¶15     The circuit court held a hearing on September 9, 2020, to address Bright Dental's motion for summary judgment and Sandoval's motion to reconsider amending the scheduling order. The circuit court began by saying:

> [Y]ou filed a conclusory motion for reconsideration. You did not file a brief, you filed an affidavit, which I don't even understand what any of it has anything to do with anything, and so we're going to clear that up right now. That motion for reconsideration was filed yesterday. You did not get a date for it, you did not file a brief, and there is no argument in it. So under the circumstances, I'm inclined to just outright deny it summarily because the motion is not proper.

¶16     The circuit court provided counsel with a chance to expand on the motion, and when counsel started discussing his efforts to obtain an expert, the following exchange took place:

> THE COURT: Well, now its September so now you have an expert in September, but you didn't have one in June, you didn't have one in July, you didn't have one in August, and the deadline was June 30th, and the only reason why you brought a motion to extend the time to name an expert was because you were served with a motion for summary judgment correct?
>
> [COUNSEL]: No, that's not correct.
>
> THE COURT: Correct?
>
> [COUNSEL]: No.

THE COURT: How is that not correct since the motion for summary judgment was filed on August—July 17th?

….

THE COURT: Well, here's the deal, [counsel]. You didn't forget about it. You didn't have an expert. You didn't have an expert when you filed the motion. You didn't have an expert when you came to court the last time. You didn't have an expert last week or two weeks ago. You have an expert today. That's—that's not appropriate.

¶17    The circuit court pressed counsel regarding the expert and maintained that Sandoval did not have one, despite counsel's statements to the contrary. As a result, the circuit court told counsel to file the expert's report by 5:00 p.m. that day, and the circuit court would reconsider. When counsel stated that he could not provide the name of the expert based on the expert's wish to remain unnamed until formally committing, the circuit court said, "Fine, then your motion to reconsider is denied. Your motion to reconsider is denied because you just lied to me. You do not have an expert." The circuit court then proceeded to threaten counsel with an OLR complaint if counsel continued to insist that Sandoval had an expert. The circuit court concluded stating, "we're done" and "[w]e're finished." The circuit court then proceeded to consider Bright Dental's motion for summary judgment stating, "[L]et's get this over with."

¶18    Ultimately, the circuit court denied Sandoval's motion for reconsideration and granted Bright Dental's motion for summary judgment. Sandoval's complaint was then dismissed with prejudice. Sandoval now appeals.

## DISCUSSION

¶19    On appeal, Sandoval argues that the circuit court erroneously denied his motion to amend the scheduling order, and he argues that the circuit court improperly granted Bright Dental's motion for summary judgment and dismissed

his claims. We agree with Sandoval, and we conclude Bright Dental's motion for summary judgment was improperly granted on the basis that Sandoval had not identified an expert. We further conclude that the circuit court failed to reasonably exercise its discretion when considering Sandoval's request to amend the scheduling order to name an expert witness, and we remand this matter for the circuit court to properly consider Sandoval's request.

### I. Bright Dental's Motion for Summary Judgment

¶20 Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2019-20).[6] We review a summary judgment determination *de novo*, using the same methodology as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶21 Bright Dental moved for summary judgment on the basis that Sandoval failed to provide an expert opinion to support his claim for dental malpractice and lack of informed consent. Therefore, we review whether the circuit court properly granted summary judgment for Bright Dental on the basis that Sandoval had not secured an expert opinion at the time of the hearing to support his claim for dental malpractice and lack of informed consent.

---

[6] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶22     Initially, the parties dispute what claims Sandoval has in fact brought. Bright Dental asserts that Sandoval has brought one claim for negligence. Sandoval argues that he has brought additional claims for lack of informed consent, breach of contract, and falsification of the informed consent form, which do not require an expert to proceed. While inartfully pled, we conclude that Sandoval has brought claims for negligence, lack of informed consent, breach of contract, and falsification of the informed consent form. Indeed, his complaint specifically lists the following claims: (1) "failure to exercise reasonable care"; (2) "failure to provide informed consent"; (3) "breach of contract"; and (4) "falsification of implied consent." Thus, we turn our attention to whether these claims fail for want of an expert opinion.

¶23     At its core, Sandoval's claims regarding informed consent, breach of contract, and falsification of his consent form assert that his dentist failed to inform him of the procedure he was receiving, his dentist never obtained his consent to have thirteen teeth removed as a result of a failure to have such a discussion with Sandoval, and Sandoval consented to a different procedure to have three teeth removed. A claim of informed consent is traditionally based on an objective test that asks two questions: "First, did the physician fail to give information that a reasonable patient would want to know? Second, given the additional information, would the reasonable patient have acted differently than they did without the information?" *Schreiber v. Physicians Ins. Co. of Wis.*, 223 Wis. 2d 417, 434-35, 588 N.W.2d 26 (1999) (citations omitted). However, Sandoval's claim is not that his dentist failed to provide him with certain information to adequately inform his decision. Sandoval's claim is he was unaware of the procedure the dentist intended to perform and was not given the

opportunity to choose that procedure. His claim is also that he consented to a different procedure that was not performed.

¶24  Our supreme court has described this type of case as different in nature from the traditional informed consent case in which the question is not whether the patient had "adequate information" to make an informed decision, but rather, whether there was a failure to conduct an informed consent discussion at all. *See id.* at 436. In such a case, the nature of the inquiry is subjective:

> In this type of informed consent case where the issue is not whether [the patient] was given the pertinent information so that [the patient's] choice was informed, but rather whether [the patient] was given an opportunity to make a choice after having all of the pertinent information, the cause question is transformed into, "What did the patient himself or herself want?"

*Id.* at 420, 436.

¶25  We conclude that Sandoval's claims are of this nature, and therefore, the question becomes what did Sandoval want and what did Sandoval choose. We further conclude that no expert opinion is required to answer this question. *See Christianson v. Downs*, 90 Wis. 2d 332, 338, 279 N.W.2d 918 (1979) ("Unless the situation is one where the common knowledge of laymen affords a basis for finding negligence, expert medical testimony is required to establish the degree of care and skill required of a physician."). The instant situation is one within common knowledge as we are determining what procedure Sandoval wanted, whether there was a discussion with his dentist to extract thirteen teeth, and what was contained on the form that Sandoval signed. *See id.* at 338-39 (providing the example "where the wrong organ or other body part was removed in surgery" as a matter within common knowledge).

11

¶26    Sandoval avers that he never consented to have thirteen of his teeth extracted and that he consented to a procedure where, at most, he was to have three teeth extracted. He further avers that the consent form that Bright Dental filed in support of its motion for summary judgment falsely includes the numbers of teeth to be extracted, and in fact, those numbers were added after the fact to conform to the procedure the dentist performed. In other words, Sandoval avers that the list of teeth to be extracted on the form he signed was different than the one Bright Dental now provides, and he asserts that his dentist forged the consent form to provide the appearance that Sandoval consented to have thirteen teeth removed. Sandoval's wife and daughter, who were present at the time the dental procedure was discussed, further averred that there was no plan to extract thirteen teeth. This information is sufficient to defeat Bright Dental's motion for summary judgment as to all of Sandoval's claims.[7]

¶27    Accordingly, we conclude that the circuit court improperly granted summary judgment for Bright Dental for the reason that Sandoval required an expert to support all of his claims.[8]

---

[7] We note that, as a result of its argument that Sandoval brought one claim for negligence, Bright Dental does not argue that Sandoval's claims for breach of contract or falsifying the informed consent forms should be properly dismissed as a part of its motion for summary judgment because Sandoval did not name an expert relating to those claims.

[8] In reaching our conclusion, we recognize that Sandoval relied on *Katznelson v. Hoffman*, No. 95-2440, unpublished slip op. (WI App Sept. 12, 1996), in making his argument—unpublished cases may not be cited for precedential value, and it was improper to cite to this case. *See* WIS. STAT. RULE 809.23(3).

### II.    Sandoval's Motion to Amend the Scheduling Order

¶28    "A trial court has broad discretion in deciding how to respond to untimely motions to amend scheduling orders because that broad discretion is essential to the court's ability to manage its calendar." *Teff v. Unity Health Plans Ins. Corp.*, 2003 WI App 115, ¶29, 265 Wis. 2d 703, 666 N.W.2d 38. "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Hefty v. Strickhouser*, 2008 WI 96, ¶28, 312 Wis. 2d 530, 752 N.W.2d 820 (citation omitted).

¶29    Sandoval argues that the circuit court erroneously exercised its discretion when it denied Sandoval's request to amend the scheduling order to allow for additional time to name an expert witness "to address issues like why the dentist proceeded without obtaining clearance from [m]edical [d]octor." We agree.[9]  The record clearly shows that the circuit court simply denied Sandoval's request without considering the reasons Sandoval set forth for his request, including the closure of dentist offices as a result of Covid-19 protocols. In fact, instead of addressing Sandoval's reasons, the circuit court repeatedly interrupted counsel, called counsel a liar, and even threatened counsel with an OLR complaint.  Consequently, nothing in the record demonstrates a rational process

---

[9] We have interpreted Sandoval's motion as one to amend the scheduling order under WIS. STAT. § 802.10(3) and the court's inherent and statutory powers to manage its docket, as opposed to one under WIS. STAT. § 801.15(2)(a) to enlarge the time period. Consequently, we note that the excusable neglect standard set forth in § 801.15(2)(a) is inapplicable to Sandoval's motion. *See Parker v. Wisconsin Patients Comp. Fund*, 2009 WI App 42, ¶19, 317 Wis. 2d 460, 767 N.W.2d 272.

where the circuit court reviewed the relevant facts and applied the proper standard of law to reach a conclusion. As Sandoval describes in his brief, the circuit court "did not say a single word about any of [the] efforts" to find an expert "as if the [circuit court] had never seen them." Additionally, the circuit court "would interrupt [] counsel and would proceed [with the court's] own line of questions," as clearly demonstrated in the hearing transcripts.

¶30    "Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning." *State v. Norfleet*, 2002 WI App 140, ¶9, 254 Wis. 2d 569, 647 N.W.2d 341 (citation omitted). "This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *Id.* (citation omitted). Thus, we conclude that the circuit court did not reasonably exercise its discretion when it denied Sandoval's motion to amend the scheduling order. To the extent that Sandoval intends to pursue a claim for negligence premised on the theory that his dentist failed to consult with his doctor, we remand for the circuit court to consider Sandoval's motion in more detail, including the reasons Sandoval sets forth for his failure to comply with the deadlines in the scheduling order.

## CONCLUSION

¶31    In sum, we conclude that the circuit court improperly granted summary judgment for Bright Dental based on the need for an expert witness to support Sandoval's claims. We further conclude that the circuit court failed to reasonably exercise its discretion in denying Sandoval's motion to amend the scheduling order to name an expert witness. Accordingly, we reverse, and we remand this matter to reinstate Sandoval's complaint and for further proceedings

consistent with this opinion, including proper consideration of Sandoval's motion to amend the scheduling order.

*By the Court.*—Judgment reversed and caused remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.